# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>DAVID HIRSCH,<br><br>   Defendant. | Nos. CR 01-3024-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

_____

**TABLE OF CONTENTS**

*I. BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . . . 4
    *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        1.    Applicable standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        2.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

       This matter comes before the court pursuant to defendant David Hirsch's July 26, 2004, *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 183). In his § 2255 Motion, Hirsch asserts

that his trial counsel was ineffective in failing to assert that there was an "*Apprendi* issue" regarding the quantity of methamphetamine involved in the offense to which he was pleading guilty. As a consequence, he contends that the drug quantity on which his sentence was based was determined by the court by the preponderance of the evidence, not by a jury beyond a reasonable doubt or by his admissions. The government denies that Hirsch is entitled to any relief on this claim on the basis of untimeliness, procedural default, and the merits.

## *I. BACKGROUND*

Defendant David Hirsch and a co-defendant were charged with firearm and drug-trafficking offenses and forfeiture of firearms in an Indictment filed June 19, 2001 (docket no. 1). More specifically, Hirsch was charged in **Count 1** with knowingly and intentionally manufacturing, attempting to manufacture, and aiding and abetting an attempt to manufacture a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and 18 U.S.C. § 2; in **Count 2** with knowingly possessing one or more firearms while then being an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3); in **Count 4** with knowingly carrying a firearm during and in relation to a drug-trafficking offense and possessing such firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c); and in **Count 5** with forfeiture of the firearm in question in Counts 2 and 4 pursuant to 18 U.S.C. § 924(d)(1).

Hirsch pleaded guilty to **Count 1** on March 28, 2002, *see* docket no. 123, but was acquitted by a jury of the gun charges in **Counts 2** and **4** on March 29, 2002. *See* docket no. 136. After several continuances, Hirsch's sentencing hearing on the charge in **Count 1** was held on November 13, 2002. *See* docket no. 171. Hirsch asserts, and the government

2

apparently does not dispute, that in the course of the sentencing hearing, the court asked Hirsch's counsel if there were any "*Apprendi* issues," and Hirsch's counsel averred that there were not. Hirsch asserts that the court then found that the offense involved 20 grams of methamphetamine. With other adjustments, the court concluded that Hirsch's adjusted offense level was 24, his criminal history category was II, and sentenced him to a guidelines sentence of 57 months of imprisonment with 3 years of supervised release. Hirsch did not appeal his conviction or sentence.

Thereafter, Hirsch contends that he was moved from one correctional facility to another without any access to legal research materials until he was released from the Special Housing Unit into general population at FCI Sandstone on July 29, 2003. Thus, he contends that his § 2255 Motion, filed less than a year later, but some 16 months after his conviction, should be deemed timely.

Hirsch filed his *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 183) on July 26, 2004. He subsequently filed a Memorandum Of Points And Authorities And Argument In Support Of 2255 Petition (docket no. 184) on October 1, 2004. Unfortunately, there the matter languished for some time, owing to other matters on the court's crowded docket. However, eventually, by order dated April 24, 2007, (docket no. 199), the court directed the government to file a response to Hirsch's § 2255 motion on or before May 30, 2007, and directed Hirsch to file any reply on or before June 15, 2007. The government filed its Resistance To Plaintiff's [sic] Section 2255 Motion (docket no. 200) on May 8, 2007. Hirsch filed no reply. Therefore, this matter is now fully submitted.

3

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Section 2255 of Title 28 of the United States Code provides for post-conviction relief for federal prisoners, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

4

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted). The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

A defendant may not seek § 2255 relief at any time. Rather, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, Title I, § 105, 110

5

Stat. 1220, established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(1)-(4). Thus, a defendant seeking relief pursuant to § 2255 must establish the timeliness of his or her motion and that the issues raised in his or her motion are not procedurally defaulted, as well as that he or she is entitled to relief on the merits.

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

6

With these standards in mind, the court turns to analysis of Hirsch's § 2255 Motion. The court believes that it is likely, as the government contends, that Hirsch's § 2255 Motion is untimely, because it was not filed within one year of the date that his judgment of conviction became final, and other "triggers" for the running of the limitations period appear to be inapplicable. *See* 28 U.S.C. § 2255(1)-(4). The court also believes that it is likely, as the government contends, that Hirsch's "ineffective assistance" claim is procedurally defaulted by his failure to raise the issue in a timely appeal or to show cause and prejudice for failing to raise it in such an appeal. *See Ramey*, 8 F.3d at 1314. Nevertheless, the court finds that Hirsch's § 2255 motion plainly fails on the merits, so that it is unnecessary to determine timeliness or procedural default issues.

### B. Ineffective Assistance Of Counsel

Hirsch seeks § 2255 relief based on alleged ineffective assistance of his trial counsel in failing to assert that there was an "*Apprendi* issue" concerning the drug quantity on which his sentence was based. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather

7

than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Hirsch is ultimately entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claim.

### 1. *Applicable standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).

8

However, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 2. *Analysis*

Hirsch contends that his trial counsel was ineffective in failing to raise an "*Apprendi* issue" concerning the quantity of methamphetamine involved in his offense, when he was charged and pleaded guilty to an offense charging only a "detectable amount"

9

of methamphetamine. He contends that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), plainly requires that any fact, other than a prior conviction, increasing the penalty beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. He contends that the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), plainly establishes that the "statutory maximum" within the meaning of *Apprendi* is the maximum penalty that the court may impose without further judicial fact finding. He contends that he was prejudiced by counsel's failure to assert that *Apprendi* was applicable, because he was sentenced at level 24 based on the court's drug quantity finding, instead of level 12, increasing his sentence from 12 to 18 months to 57 months. The government, on the other hand, asserts that Hirsch faced a statutory maximum of 20 years, so that the drug quantity found by the court was not a fact that increased his penalty for the drug crime to which he pleaded guilty beyond the prescribed statutory maximum. Because Hirsch was not sentenced to a term beyond the prescribed statutory maximum, the government apparently argues that his counsel was not ineffective in failing to assert an "*Apprendi* issue," and that he was not prejudiced by any ineffective assistance of counsel.

The court's analysis is slightly different from the government's. On July 11, 2002, a few months before Hirsch was sentenced, the Eighth Circuit Court of Appeals held that "*Apprendi* does not forbid a district court from finding the existence of sentencing factors, including drug quantity, by a preponderance of the evidence." *United States v. Diaz*, 296 F.3d 680, 683 (8th Cir.), *cert. denied*, 537 U.S. 940 (2002). Thus, under controlling law at the time that Hirsch was sentenced, his counsel's belief that there was no "*Apprendi* issue" in the court's determination of the methamphetamine involved in his offense was correct. That being so, counsel's performance was not "deficient," and in the absence of a showing of deficient performance, the court need proceed no further in its analysis of

10

Hirsch's "ineffective assistance" claim, *Walker*, 324 F.3d at 1040, and Hirsch's § 2255 motion fails.

Nor is the court persuaded by Hirsch's contention that he was wrongfully denied the benefit of *Apprendi*, as subsequently interpreted in the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). *Blakely* and *Booker* held that, at least under a mandatory guidelines system, the sentencing judge may not impose guidelines sentencing increases based on determinations of facts that were not found by a jury beyond a reasonable doubt nor admitted by the defendant. However, *Blakely* and *Booker* were handed down well after Hirsch was sentenced on his plea of guilty to a drug offense. Every federal court of appeals, including the Eighth Circuit Court of Appeals, to consider the issue has held that *Booker* and/or *Blakely* do not apply retroactively to cases on collateral review. *See Lefkowitz v. United States*, 446 F.3d 788, 791 (8th Cir. 2006) (*Booker*); *United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir.) (*Blakely* and *Booker*), *cert. denied*, 126 S. Ct. 2341 (2006); *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (*per curiam*) (*Blakely* and *Booker*); *see also In re Zambrano*, 433 F.3d 886, 889 (D.C. Cir. 2006) (*Booker*); *United States v. Gentry*, 432 F.3d 600, 606 (5th Cir. 2005) (*Booker*); *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (*Booker*), *cert. denied*, 127 S. Ct. 121 (2006); *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (*Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (*Booker*); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*Booker*); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (*Blakely* and *Booker*); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005) (*Booker*); *In re Olopade*, 403 F.3d 159, 164 (3rd Cir. 2005) (*Booker*); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (*Blakely* and *Booker*); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (*Blakely* and *Booker*); *Bey v. United States*, 399

11

F.3d 1266, 1269 (10th Cir. 2005) (*Booker*); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005) (*Booker*); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (*Blakely* and *Booker*); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Booker*); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (*Blakely* and *Booker*). Because this case was not pending on direct review when either *Blakely* or *Booker* was decided, the holdings in *Blakely* and *Booker* are unavailable as the bases to attack Hirsch's sentence here. Moreover, the court finds that Hirsch's trial counsel's performance was not "deficient" for failing to predict, almost two years before *Blakely* was decided, that *Apprendi* could be interpreted to bar increases in guidelines sentences based on a trial judge's finding of facts by the preponderance of the evidence, where then-controlling law had rejected that interpretation.

Because Hirsch cannot "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,'" he cannot satisfy the "deficient performance" prong of the *Strickland* analysis of "ineffective assistance" claims. *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 687). Quite simply, Hirsch has not shown that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 522. In the absence of a showing of deficient performance, the court need proceed no further in its analysis of Hirsch's "ineffective assistance" claim, *Walker*, 324 F.3d at 1040, and Hirsch's § 2255 motion fails.

### C. Certificate Of Appealability

Denial of Hirsch's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for all or any of his claims therein. Whether or not

12

a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> \* \* \*
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In light of the evidence that counsel's representation that there was no "*Apprendi* issue" regarding drug quantity conformed to then-controlling circuit law and the overwhelming authority cited above that *Blakely* and *Booker*, which interpreted *Apprendi* differently, are not retroactive, the court finds that Hirsch has not made a substantial

13

showing of the denial of a constitutional right on his § 2255 claim, 28 U.S.C. § 2253(c)(2), because there is no showing that reasonable jurists would find this court's assessment of Hirsch's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, that any court would resolve those issues differently, or that the issue Hirsch raises deserves further proceedings. *Cox*, 133 F.3d at 569. Therefore, Hirsch does not make the requisite showing to satisfy § 2253(c) on any of his grounds for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

Defendant David Hirsch's July 26, 2004, *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 183) is **denied in its entirety**, and this matter is **dismissed in its entirety**. Moreover, the court determines that Hirsch has not made "a substantial showing of the denial of a constitutional right" as to any ground for relief asserted in his § 2255 Motion. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue for any claim in this case.

**IT IS SO ORDERED.**

**DATED** this 10th day of July, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des   7/11/07

14

Case 3:01-cr-03024-MWB   Document 201   Filed 07/11/07   Page 14 of 14